**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>Dry Erase Designs, LLC,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 18-31459 |

**AMENDED MOTION FOR AUTHORITY TO SELL PROPERTY OF THE DEBTOR
FREE AND CLEAR OF LIENS**

Dry Erase Designs, LLC, the Debtor in the above-captioned case (the "Debtor"), through counsel, hereby presents this *Amended Motion for Authority to Sell Property of the Debtor Free and Clear of Liens* pursuant to 11 U.S.C. § 363(b)(1) and (f), and in support thereof respectfully shows the Court as follows:

## BACKGROUND

1. On September 27, 2018 (the "Petition Date"), the Debtor filed for relief pursuant to chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), initiating the above-referenced bankruptcy case (this "Case"). No committee, trustee, or examiner has yet been appointed in this Case.

2. Prior to the Petition Date, the Debtor was organized under the laws of the State of North Carolina but has been administratively dissolved. The Debtor's principal place of business is located at 4623 Dwight Evans Road, Charlotte, NC 28217 (the "Premises").

3. On August 28, 2018, A. Cotten Wright was appointed as chapter 11 trustee (the "Zinn Trustee") in the case of *In re Aaron Zinn* ("Zinn"), Case No. 18-30066 (the "Zinn Case"). Before filing his bankruptcy case, Zinn owned 100% of the membership interests in the Debtor, and those membership interests became property of the bankruptcy estate in the Zinn Case. The

1

Zinn Trustee filed the Debtor's case in her capacity as the holder of 100% of the membership interests in the Debtor, and as a result, acts as debtor-in-possession in this case.

4. On September 25, 2018, the Court in the Zinn Case entered an Order authorizing the Debtor to cease operations and operations have in fact ceased.

5. Before the Petition Date, the Debtor designed and produced dry erase boards at the Premises.

6. The Debtor owns certain personal and other property located at the Premises and otherwise identified in the Asset Purchase Agreement (the "APA") attached hereto as Exhibit 1 (the "Property").

7. The Debtor has agreed to sell the Property to Nexry LLC for the sum of $35,000.00 (the "Sale of Property") pursuant to the APA.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

8. Through this Motion, the Debtor requests entry of an Order, pursuant to § 363(b) and (f), approving the Sale of Property, free and clear of all liens, with any valid liens to transfer to sale proceeds.

9. Section 363 of the Bankruptcy Code provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

10. This Court's Local Rule 9013-1(f)(1) permits motions to sell to be noticed on a "no protest" basis.

2

## ARGUMENT

11. The Sale of the Property as proposed herein would allow for the prompt liquidation of the same. In the opinion of the Debtor, the proposed Sale of the Property reflects the best interests of the estate and the Debtor's creditors.

12. The Debtor seeks an order allowing the Sale of the Property free and clear of liens pursuant to § 363, with any valid liens thereon to transfer to the proceeds.

13  The Debtor further requests authority to execute the necessary documentation to affect transfers, including but not limited to the Bill of Sale, upon the sale of the Property.

WHEREFORE, the Debtor prays that the Court will enter an Order:

1) Authorizing the Sale of the Property as set forth herein;

2) Authorizing that the Sale of the Property be free and clear of liens with any valid liens to transfer to proceeds;

3) Authorizing the Trustee to execute the necessary documentation, including the Bill of Sale, to effectuate legal transfers of the Property upon sale; and

4) Granting such other relief as is just and proper.

This is the 18th day of October, 2018.

/s/ *Anna S. Gorman*
Anna S. Gorman (State Bar No. 20987)
A. Cotten Wright (State Bar No. 28162)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, North Carolina 28246
Phone: (704) 332-0207
Fax: (704) 332-0215
Email: cwright@grierlaw.com
*Attorneys to the Debtor*

# EXHIBIT 1

**Asset Purchase Agreement**

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement") is entered into the ___ day of _____, 2018 by and between **DRY ERASE DESIGNS, LLC** ("Seller"), in its capacity as debtor-in-possession (the "Debtor" or "Seller") and **NEXRY LLC** ("Buyer"), with the Seller and Buyer sometimes referred to in this Agreement as a "Party" and collectively as the "Parties."

### RECITALS:

A. WHEREAS, Seller formerly operated a business designing and producing dry erase boards and other products known as Dry Erase Designs or DED, at 4623 Dwight Evans Rd., Charlotte, NC 28217 (the "Premises");

B. WHEREAS, on September 27, 2018 (the "Petition Date"), the Debtor filed for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code"), initiating Bankruptcy Case No. 18-31459 pending in the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") (the "Case");

C. WHEREAS, pursuant to Bankruptcy Code §§ 363, 1106 and 1108, among others, Seller has the right and authority to oversee the Debtor's financial affairs and use, sell, lease or otherwise dispose of the Debtor's assets;

D. WHEREAS, Seller desires to sell and Buyer desires to buy the computers, furniture, fixtures and equipment located within the Premises and other assets including Seller's name, customer list, goodwill, IP and website/domain name, a list of which is attached hereto as Exhibit A (the "Assets") for the price and on the terms and conditions set forth below; and

E. WHEREAS, the Parties wish to enter into this Agreement with respect to the aforementioned and related activities.

NOW, THEREFORE, for and in consideration of the foregoing, and the mutual covenants and agreements set forth herein, the parties hereby agree as follows:

1. **Effectiveness of Agreement.** The terms and provisions of this Agreement shall be subject to the condition precedent of approval by the Bankruptcy Court.

2. **Purchase and Sale of Assets.** As of the Closing, Seller shall sell, transfer, convey, assign and deliver to Buyer, and Buyer shall purchase, acquire and accept from Seller, all of the Seller's right, title and interest in the Assets. Buyer has inspected the Assets, is satisfied with the condition of the Assets subject to the right of inspection provided for in this Agreement, and is satisfied that all of the Assets subject to this Agreement are physically located on the Premises except where noted on Exhibit A. Except as specifically provided in this Agreement, Seller makes no representation or warranty, express or implied, statutory or otherwise, of any kind or nature whatsoever regarding the Assets, and any and all such representations and warranties are hereby waived by Buyer and excluded from this Agreement, it being understood and agreed that the Assets are provided "as is" and "with all faults."

3.  **Liabilities Not Assumed.** Buyer will assume no liabilities of Seller, including, but not limited to, any liabilities with respect to the Assets.

4.  **Purchase Price.** The purchase price for the Assets shall be the sum of Thirty-Five Thousand Dollars ($35,000) (the "Purchase Price"), payable in cash at Closing.

5.  **Bill of Sale.** Seller shall execute a bill of sale (the "Bill of Sale"), which is attached hereto as Exhibit B, and deliver the Bill of Sale to Buyer at the Closing.

6.  **Closing.** The closing of this transaction (the "Closing") will occur on or before _____, 2018 which time shall be within ten (10) days of the entry of an Order authorizing the sale.

7.  **Proration of Expenses and Payment of Costs.** Seller and Buyer agree that all property taxes (on a calendar year basis) and utilities shall be prorated as of the date of Closing.

8.  **Same Condition.** If the Assets are not in substantially the same condition at Closing as of the date of this Agreement, then the Buyer may terminate this Agreement.

9.  **Representations and Warranties of Seller.** Seller represents and warrants to Buyer as follows:

    9.1. Subject to any necessary authorization from the Bankruptcy Court, Seller has full power and authority to execute and deliver the Bill of Sale to the Buyer and to consummate the transactions contemplated herein.

    9.2. Upon execution and delivery to Buyer of the Bill of Sale and after Bankruptcy Court approval, Buyer will acquire good and marketable title to the Assets free and clear of any and all liens and encumbrances.

    9.3. This Agreement and all other documents and agreements executed by Seller and delivered in connection herewith have been duly executed and delivered by Seller and constitute the valid and legally binding obligation of Seller enforceable in accordance with their terms, except as limited by bankruptcy, reorganization or similar laws affecting creditors' rights generally and except as permitted by general equitable principles.

    9.4. EXCEPT AS EXPRESSLY SET FORTH IN THIS SECTION, SELLER MAKES NO, AND NO PARTY SHALL BE ENTITLED TO RELY UPON, REPRESENTATIONS OR WARRANTIES AS TO ANY FACT OR MATTER ABOUT THE ACQUIRED ASSETS OR SELLER, AND SELLER HEREBY DISCLAIMS ALL SUCH WARRANTIES AND REPRESENTATIONS. THE ACQUIRED ASSETS ARE BEING SOLD WITHOUT RECOURSE TO SELLER. WITHOUT LIMITING THE FOREGOING, THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, FITNESS FOR A PARTICULAR PURPOSE, MERCHANTABILITY, OR THE LIKE IN CONNECTION WITH THIS SALE.

10. **Representations and Warranties of Buyer.** Buyer represents and warrants to Seller as follows:

      10.1.   Buyer is duly organized or formed and validly existing in good standing under the laws of the state of Florida.

      10.2.   This Agreement and all other documents and agreements executed by Buyer and delivered in connection herewith have been duly executed and delivered by Buyer and constitute the valid and legally binding obligation of Buyer enforceable in accordance with their terms, except as limited by bankruptcy, reorganization, or similar laws affecting creditors' rights generally and except as permitted by general equitable principles.

      10.3.   Neither this Agreement nor any other document or statement furnished to Seller by Buyer or on Buyer's behalf pursuant to or in connection with the transaction contemplated by this Agreement contains any misstatement of a material fact or omits to state a material fact necessary to make the statements contained herein not misleading.

      **11.**   **Notices**.   Unless otherwise specified herein, all notices, requests, demands, payments, consents, and other communications hereunder shall be transmitted in writing and shall be deemed to have been duly given: (i) when hand-delivered; (ii) one (1) day after the date sent by express mail, courier, overnight mail, or other overnight or next-day delivery service with written verification of receipt; (iii) when received when sent by facsimile (with written facsimile confirmation) or electronic mail; or (iv) three (3) days after the date mailed when sent by registered or certified United States mail, postage prepaid, return receipt requested, addressed as follows (or as later provided by a party to the other party by written notice in the manner prescribed herein):

      To Buyer:    Nexry LLC
                            Attn: Brian Hayes
                            Brian.hayes@bluehouseinc.com
                            4604 49th Street N, Suite 1024
                            St. Petersburg FL 33709

      To Seller:   Dry Erase Designs, LLC
                            Attn:  A. Cotten Wright
                            Grier Furr & Crisp, PA
                            101 N. Tryon St., Ste. 1240
                            Charlotte, NC  28246

**12.**   **Miscellaneous Provisions**.

      12.1.   This Agreement and all rights and obligations of the parties shall be construed and governed in accordance with the internal laws and judicial decisions of the State of North Carolina without regard to its conflicts of law principles.  The Bankruptcy Court shall be the exclusive venue to resolve any dispute that should arise between the parties in connection with this Agreement.

      12.2.   This Agreement, including its exhibits, constitutes the entire agreement and understanding between the parties, and cancels, terminates, and supersedes any prior agreement or understanding between the parties in relation to the subject matter hereof.  There

are no representations, promises, agreements, warranties, covenants, or understandings other than those contained herein. No amendment of this Agreement shall be effective unless agreed to in writing by both parties.

12.3. The parties hereto shall execute and deliver all documents, provide all information and take or forbear from all such action as may be necessary or appropriate to achieve the purpose of this Agreement.

12.4. The determination that any provision of this Agreement is invalid or unenforceable shall not invalidate this Agreement, and the remainder of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

12.5. Neither party shall assign this Agreement or any of the rights or responsibilities hereunder without the prior written approval of the other party. Any unauthorized attempt to assign this Agreement shall be void and unenforceable.

12.6. This Agreement is binding upon and inures to the benefit of the parties and their respective successors and permitted assigns.

12.7. Neither party shall be construed or held to be a partner, agent, or associate by joint venture or otherwise of the other party. No agent, servant, or employee of either party shall under any circumstances be deemed an agent, servant, or employee of the other party.

12.8. Each party to this Agreement expressly recognizes that this Agreement results from a negotiation process in which each party had the opportunity to be represented by counsel and contribute to the drafting of this Agreement. Accordingly, no legal or other presumptions against the party drafting this Agreement concerning its construction, interpretation or otherwise accrue to the benefit of any party to this Agreement, and each party expressly waives the right to assert such a presumption in any proceedings or disputes connected with, arising out of, or involving this Agreement. The parties hereto further agree that this Agreement shall be construed to effectuate the normal and reasonable expectations of sophisticated parties to similar transactions.

12.9. This Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same instrument even though all the parties are not signatories to the original or the same counterpart.

**IN WITNESS WHEREOF**, the parties hereto have hereunto executed this Agreement for the purposes herein expressed, the day and year first above written.

**SELLER:**

**DRY ERASE DESIGNS, LLC**

By: _____

Printed:  A. Cotten Wright
Title:

**BUYER:**

**NEXRY LLC**

By: _____

Printed:
Title:

# EXHIBIT A

## ASSETS

| | |
|---|---|
| Furnishings | |
| Office 1 | L-Desk |
| | Table Lamp |
| | Side Table |
| | 2-Drawer Horizontal File Cabinet |
| Office 2 | L-Shape Desk |
| | Leather Desk Chair |
| | (2) Side Chairs |
| | 4-Drawer Vertical Bookshelf |
| | Side Table |
| Printer Room | Desk |
| | Rolling Desk |
| | Leather Desk Chair |
| | Metro Rock |
| | 2-Drawer Vertical File Cabinet |
| | Folding Chair and Stool |
| Office 3 | Office Desk |
| | Office Chair |
| | Stool |
| | Metro Rock |
| | (3) 4-Drawer Vertical Filing Cabinet |
| | (1) Section of Shelving |
| | (2) Bookshelves |
| | Royal Sovereign Lamintor |
| Computers | Fujitsu Desktop Computer System |
| | HP Desktop Computer System |
| | Dell Desktop Computer System with Twin Monitor |
| | Dell Desktop with Twin Monitors |
| | Portable S Drive |
| | HP Desktop Computer System |
| | All Computer equipment of DED located at the Premises |
| Production Equip. | Hydraulic Table Lift, 1500 lbs. Cap. |
| | Craftsman Tool Chest |
| | (6) Sections of Metro Rack |
| | Warehouse Ladder |
| | (7) Sections of Pallet Racking, 12' x 41' x 10' |
| | (11) A-Frame Rolling Carts |
| | (3) Rolling Shop Tables |
| | Roper Whitney 152K Hydraulic Shear, Model 152K, SN: 5149-291 16 Ga. |
| | (5) Wooden Shop Tables |
| | Rams Sheet Metal Equipment 166A, Model: 2011, SN: SL01000 |
| | Upright Compressor |
| | Hitachi Mitre Saw, Metal, Laser C10FCHZ |
| | Hitachi Mitre Saw, Wood |
| | North State Table Saw, Single Phase, Model: TSC-10HR, SN: 902011 |
| | North State Dust Collector, Model: Ufo-101, SN: Unknown |
| | Kobalt Tool Chest |
| | (2) Global Pallet Jacks |
| | Pallet Jack |
| | Banding Tools and Cart |
| | Yale Forklift, 3 Step Mast., Hydraulic Fork Shift, 8815 Hours Showing, Cushion Tire, Model: GLC050RGNUAE082, SN: E187V156048 |
| | Material Cart |
| | County Line Barrel Fan |
| | (3) Sets of Hand Trucks |
| | Hitachi Mitre Saw C10FCE2 |
| | Disc Sander |
| | Stoney Craft Double End Bench Grinder |
| | Centreal Machine 5-Speed Bench Drill Press |
| | Napa Battery Tender |
| | Misc. Tools |
| | Bolt Cutters |
| | Hydraulic Tire jack |
| | Dayton Shop Vac |
| | Shop Light |
| | 8' Wooden Step Ladder |
| | Dock Plate |
| | Komatsu FG15S, SN: 182468A |
| Supplies off site | Aluminium Coil - pre-paid located at Kloceckner Metals, 1 White Horse Rd., Greenville SC 29605 |
| Other | Name: Dry Erase Designs, LLC |
| | IP |
| | Domain Name/Website (to the extent control may be obtained by Debtor's counsel) |
| | Customer Lists |
| | Goodwill |

# EXHIBIT B

## BILL OF SALE

## BILL OF SALE

FOR VALUE RECEIVED, **DRY ERASE DESIGNS, LLC**, (the "Debtor") in the bankruptcy case pending as case number 18-31459 before the U.S. Bankruptcy Court for the Western District of North Carolina ("Seller") hereby grants, sells, assigns, conveys, sets over and transfers to **NEXRY LLC** ("Buyer"), whose address is 4604 49th Street N, Suite 1024 St. Petersburg FL 33709, including Buyer's successors and assigns, all of Seller's right, title, and interest in and to: computers, furniture, fixtures, equipment, supplies and other assets including Seller's name, customer list, goodwill, IP and website/domain name, a list of which is attached hereto as Exhibit A (the "Assets") and incorporated herein by reference.

Seller makes no representations or warranties regarding the condition of any of the assets conveyed herein, it being expressly understood and agreed that Buyer has had a full opportunity to inspect said assets to Buyer's satisfaction and Buyer accepts the assets in "as is, where is" condition.

Seller covenants and warrants that Seller has not placed or suffered to be placed any presently existing liens or encumbrances on the assets conveyed herein and will warrant and defend the title to the same against the lawful claims of all persons, claiming by, through, under, or on account of Seller.

IN WITNESS WHEREOF, Seller has executed, signed, and sealed this Bill of Sale and as of _____, 2018.

_____
Dry Erase Designs, LLC
By: A. Cotten Wright

SWORN TO and subscribed before me
this _____ day of _____, 2018.

_____
_____, Notary Public
My commission expires: _____

| | |
|---|---|
| Furnishings | |
| Office 1 | L-Desk |
| | Table Lamp |
| | Side Table |
| | 2-Drawer Horizontal File Cabinet |
| Office 2 | L-Shape Desk |
| | Leather Desk Chair |
| | (2) Side Chairs |
| | 4-Drawer Vertical Bookshelf |
| | Side Table |
| Printer Room | Desk |
| | Rolling Desk |
| | Leather Desk Chair |
| | Metro Rock |
| | 2-Drawer Vertical File Cabinet |
| | Folding Chair and Stool |
| Office 3 | Office Desk |
| | Office Chair |
| | Stool |
| | Metro Rock |
| | (3) 4-Drawer Vertical Filing Cabinet |
| | (1) Section of Shelving |
| | (2) Bookshelves |
| | Royal Sovereign Lamintor |
| Computers | Fujitsu Desktop Computer System |
| | HP Desktop Computer System |
| | Dell Desktop Computer System with Twin Monitor |
| | Dell Desktop with Twin Monitors |
| | Portable S Drive |
| | HP Desktop Computer System |
| | All Computer equipment of DED located at the Premises |
| Production Equip. | Hydraulic Table Lift, 1500 lbs. Cap. |
| | Craftsman Tool Chest |
| | (6) Sections of Metro Rack |
| | Warehouse Ladder |
| | (7) Sections of Pallet Racking, 12' x 41' x 10' |
| | (11) A-Frame Rolling Carts |
| | (3) Rolling Shop Tables |
| | Roper Whitney 152K Hydraulic Shear, Model 152K, SN: 5149-291 16 Ga. |
| | (5) Wooden Shop Tables |
| | Rams Sheet Metal Equipment 166A, Model: 2011, SN: SL01000 |
| | Upright Compressor |
| | Hitachi Mitre Saw, Metal, Laser C10FCHZ |
| | Hitachi Mitre Saw, Wood |
| | North State Table Saw, Single Phase, Model: TSC-10HR, SN: 902011 |
| | North State Dust Collector, Model: Ufo-101, SN: Unknown |
| | Kobalt Tool Chest |
| | (2) Global Pallet Jacks |
| | Pallet Jack |
| | Banding Tools and Cart |
| | Yale Forklift, 3 Step Mast., Hydraulic Fork Shift, 8815 Hours Showing, Cushion Tire, Model: GLC050RGNUAE082, SN: E187V156048 |
| | Material Cart |
| | County Line Barrel Fan |
| | (3) Sets of Hand Trucks |
| | Hitachi Mitre Saw C10FCE2 |
| | Disc Sander |
| | Stoney Craft Double End Bench Grinder |
| | Centreal Machine 5-Speed Bench Drill Press |
| | Napa Battery Tender |
| | Misc. Tools |
| | Bolt Cutters |
| | Hydraulic Tire jack |
| | Dayton Shop Vac |
| | Shop Light |
| | 8' Wooden Step Ladder |
| | Dock Plate |
| | Komatsu FG15S, SN: 182468A |
| Supplies off site | Aluminium Coil - pre-paid located at Kloceckner Metals, 1 White Horse Rd., Greenville SC 29605 |
| Other | Name: Dry Erase Designs, LLC |
| | IP |
| | Domain Name/Website (to the extent control may be obtained by Debtor's counsel) |
| | Customer Lists |
| | Goodwill |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>Dry Erase Designs, LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No. 18-31459 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the *Amended Motion for Authority to Sell Property of the Debtor Free and Clear of Liens* was served on the parties who have requested notice in this case through the Court's electronic filing system as well as to the party listed below.

Nexry, LLC                        via email:  brian.hayes@bluehouseinc.com
Attn: Brian Hayes
4604 49th Street N, Suite 1024
St. Petersburg, FL  33709


This is the 18th day of October, 2018.

                                                                  */s/ Anna S. Gorman*
                                                                  Anna S. Gorman
                                                                  Grier Furr & Crisp, PA
                                                                  101 North Tryon Street, Suite 1240
                                                                  Charlotte, North Carolina 28246
                                                                  Phone:  (704) 332-0207
                                                                  Fax:  (704) 332-0215
                                                                  Email:  agorman@grierlaw.com
                                                                  *Attorneys to the Debtor*

1